[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Willie R. Pozo has appealed his conviction for murder, with two firearm specifications. The first assignment of error, alleging that the trial court erred in overruling Pozo's motion to suppress identification evidence, is overruled. In State v. Green
(1996), 117 Ohio App.3d 644, 652, 691 N.E.2d 316, 321-22, we stated,
 Before identification testimony is suppressed, the trial court must find that the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. Neil v. Biggers (1972), 409 U.S. 188, 93 S.Ct. 375. Reliability is the linchpin in determining the admissibility of identification testimony, and even if the identification procedure itself was suggestive, so long as the challenged identification itself is reliable, it is admissible. Manson v. Brathwaite (1977), 432 U.S. 98, 97 S.Ct. 2243.
 Following a review of the record, we cannot say that the identification procedures employed by the police were impermissibly suggestive, or that the witnesses' ultimate identifications of Pozo as the perpetrator were unreliable. See State v. Merritt (Oct. 16, 1998), Hamilton App. No. C-970479, unreported.
The second assignment of error, alleging that Pozo's conviction was based upon insufficient evidence and was against the manifest weight of the evidence, is overruled. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. After viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt. See State v. Jones (2001), 91 Ohio St.3d 335,744 N.E.2d 1163; State v. Stallings (2000), 89 Ohio St.3d 280,731 N.E.2d 159. Further, having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.